**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 4:18CV2419 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HERITAGE THERMAL SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the parties' joint motion to approve their consent decree. Doc. 5. The motion is GRANTED.

"The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is fair, adequate, and reasonable, as well as consistent with the public interest." *United States v. Lexington-Fayette Urban County Government*, 591 F.3d 484, 489 (6th Cir. 2010) (citations and quotations omitted). In that respect, the Court should consider "the decree's likely effectiveness as a vehicle for cleansing" the waters at issue. *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1408, 1437 (6th Cir. 1991). "[I]n evaluating the efforts of an agency charged with making technical judgments and weighing complex data, [this Court] must give a proper degree of deference to the agency's expertise, yet also ensure that the

1

agency has considered all of the relevant evidence in the record and has acted in the public interest." *Id.* at 1426 (discussing standard of review under CERCLA) (citation omitted). Furthermore, this Court must be mindful that there exists a "presumption in favor of voluntary settlement" and that the "presumption is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA[,] which enjoys substantial expertise in the environmental field." *Id.* at 1436 (citation omitted). "The court must eschew any rubber stamp approval in favor of an independent evaluation, yet, at the same time, it must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case." *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).

From the outset, the Court has expressed concerns over whether the parties' proposed decree sufficiently protects those living in the surrounding community. In fact, supplemental filings by the Government have indicated that emission events have continued to occur while the Decree awaits approval. Moreover, additional concerns were highlighted by the Center for Health, Environment & Justice in their public comments when the Decree was lodged. These included concerns over Heritage Thermal's habitual nature as a violator of the Clean Air Act. To date, many of those concerns still remain.

However, the parties have highlighted that absent approval of the Decree by this Court, not all of the measures of the Decree will be implemented. As the Decree does not allow for *any* unlawful emission events, the Court finds it to be fair, adequate, and reasonable and will approve it.

However, the parties are cautioned that the Court will maintain strict oversight of the implementation of the Decree. If the measures outlined in the Decree are not successful in eliminating the emission violations, the parties will be before this Court immediately, and the Court will require that further remedial measures be implemented. To facilitate the Court's oversight, the parties will file status reports every 90 days following entry of the Decree. These reports will include the progress made implementing the measures in the Decree and detail any potential or alleged emission violations that continue to occur.

    IT IS SO ORDERED

<u>April 1, 2022</u>                             <u>/s/ John R. Adams</u>
                                                  JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT